UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                          CASE NO.:09-11232

    KIMBERLY C. SELF

    DEBTOR                                                                                CHAPTER 7


JOINT MOTION TO SELL MOVABLE PROPERTY
OF THE ESTATE TO A SECURED CREDITOR


The joint motion of Samera L. Abide (Trustee), and Pelican State Credit Union, (Purchaser), the holder of a secured claim who seeks to purchase the property, respectfully represent that:

1.

The captioned case was commenced by the filing of a voluntary petition seeking relief under Chapter 7 of Title 11 of the United States Bankruptcy Code by the debtor on 08/11/09 and converted to a case under Chapter 13 on 12/03/09 back01/10/13.

2.

Included in the property of the estate of the debtor is the following described movable property ("the property"):

a 1998 Chandeleur Mobile Home, VIN #CH1AL19183

3.

Purchaser is the holder of an allowed claim in the amount of $7,031.76 in this bankruptcy case which is secured, in part, by a valid mortgage or security agreement on the property dated 05/25/06 and inscribed on the face of the title. Copies of purchaser's proof of claim and the security agreement and title bearing the inscription of the mortgage or security agreement on its face are attached hereto as Exhibits A and B, respectively.

4.

The debtors' schedules at the time of filing reflect the value of the property to be $10,000.00. Given the age and condition of the vehicle and the costs involved to liquidate the same, the trustee believes there is no equity in the vehicle to benefit the estate.

5.

Trustee desires to sell the property to Pelican State Credit Union. The purchase shall be without any warranty or recourse whatsoever on the part of the Trustee, even as to the return of the purchase price, but with full substitution and subrogation to all rights and actions of warranty against all preceding owners. The property shall be sold "as is." The purchase price for the property to be sold is $5,000.00. The purchaser's claim is secured by a mortgage which has a present unpaid balance in the amount of $7,031.76. To pay the purchase price, the purchaser will cancel that portion of its claim which is secured by a mortgage on the property to be conveyed, i.e. $5,000.00. The purchaser will subordinate its unsecured claim in the amount of $2,031.76 to the timely filed claims of all other unsecured creditors (which will benefit the estate). In addition, the purchaser will pay the trustee and the trustee will request authority to retain the sum of $350.00 as necessary costs and expenses of preserving and disposing of the property described herein in accordance with §506(c).

6.

Trustee and purchaser affirmatively represent and acknowledge that the purchaser has been advised by counsel as to 11 U.S.C. §362 and §554, and the right to relief from the automatic stay or to seek abandonment of the property to be sold pursuant to this motion; that the trustee has confirmed this advice and has offered to consent to lifting the stay or to an abandonment; that notwithstanding the advice of counsel and the willingness of the trustee to proceed by means of stay relief or abandonment, the purchaser voluntarily joins this motion as co-mover.

WHEREFORE, trustee and purchaser pray that, after notice of the motion to all parties in interest and opportunity for objection and hearing, that an Order be entered by this Court authorizing the trustee to sell by private sale, the property described, for the price and on the terms set forth.

Respectfully Submitted:                           Consented and Approved:

Trustee                                           Agent/Attorney for Pelican State Credit Union


*s/Samera L. Abide*                               *s/JonAnn Giblin*
Samera L. Abide, Bar No. 2288                     JonAnn Giblin
P.O. Box 3616                                     McGlinchey Stafford PLLC
Baton Rouge, Louisiana  70821                     14th Floor, One American Place
Telephone (225) 923-1404                          Baton Rouge, LA  70825
Fax (225) 923-1443
email: slabide@abide-law.com

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF LOUISIANA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Kimberly C. Self | Case Number: 09-11232 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Pelican State Credit Union**

Name and address where notices should be sent:

Jon Ann Giblin c/o McGlinchey Stafford, PLLC
One American Place, 14th Floor, Baton Rouge, LA 70825

Telephone number: (225) 383-9000    email: jgiblin@mcglinchey.com

COURT USE ONLY

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: **16**
  *(If known)*

Filed on: **01/16/2010**

Name and address where payment should be sent (if different from above):

Pelican State Credit Union ATTN: Denise Coffey
3232 S. Sherwood Forest Blvd., Baton Rouge, LA 70816

Telephone number: (225) 408-6258    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **7,031.76**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** money loaned
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: <br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br> _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ <br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: 1998 Chandeleur Mobile Home

Value of Property: $ 5,000.00
Annual Interest Rate 13 % ☑ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: title

Amount of Secured Claim:  $ 5,000.00
Amount Unsecured:  $ 2,031.76

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT A**

B 10 (Official Form 10) (12/11) 2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                              (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
                                                                             (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Denise Coffey
Title:       Member Solutions Representative
Company:     Pelican State Credit Union
Address and telephone number (if different from notice address above):

(Signature) *Denise Coffey*    (Date) 4/5/13

Telephone number:                email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.



**PELICAN STATE CREDIT UNION**
11585 Lake Sherwood Ave. North
Baton Rouge, LA 70816
(225) 408-6100 • 1-800-351-4877
FAX: (225) 408-6200



## LOAN AND SECURITY AGREEMENTS AND DISCLOSURE STATEMENT

| LOAN DATE | LOAN NUMBER | ACCOUNT NUMBER | GROUP POLICY NUMBER | MATURITY DATE |
|---|---|---|---|---|
| 03/16/2006 | L# 04 | 1286 | 017-0402-0 | 03/16/2018 |

**BORROWER 1**
NAME AND ADDRESS
KIMBERLY C SELF
15670 PACE RD

**BORROWER 2**
NAME (AND ADDRESS IF DIFFERENT FROM BORROWER 1)

### TRUTH IN LENDING DISCLOSURE (e) means an estimate

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit is $ 25,000.00 which includes your downpayment of $ |
| 13.270 % | $ 25,190.04 e | $ 25,000.00 | $ 50,190.04 e | |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 311 | $ 161.01 | BI-WEEKLY 04/14/2006 |
| AND 1 | $ 115.93e | AS FINAL PAYMENT e |

**Prepayment:** If you pay off early you will not have to pay a penalty.

**Required Deposit:** The Annual Percentage Rate does not take into account your required deposit, if any.

☐ **Assumption:** Someone buying your mobile home cannot assume the remainder of the loan on the original terms.

**Demand:** ☐ This obligation has a demand feature.
☐ All disclosures are based on an assumed maturity of one year.

**Property Insurance:** You may obtain property insurance from anyone you want that is acceptable to the credit union. If you get the insurance from us, you will pay $

**Late Charge:** If you are more than ten (10) days late making a payment, you will pay a late fee of $15.00.

| Filing Fees | Non-Filing Insurance |
|---|---|
| $ 0.00 | $ N/A |

**Security:** Collateral securing other loans with the credit union may also secure this loan. You are giving a security interest in your shares and dividends and, if any, your deposits and interest in the credit union; and the property described below:

| Collateral | Property/Model | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| CHANDELEUR | CHANDELEUR | 1998 | CH1AL19183 | TR | $ 31,767.70 | |
| | | | | | $ 0.00 | |
| | | | | | $ 0.00 | |

Other (Describe)
Pledge of Shares $          in Account No.          $          in Account No.

See your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.

### SIGNATURES

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS AGREEMENT BEFORE YOU SIGN IT.** By signing as Borrower, you agree to the terms of the Loan Agreement. If property is described in the "Security" section of the Truth in Lending Disclosure, you also agree to the terms of the Security Agreement. If you sign as "Owner of Property" you agree only to the terms of the Security Agreement.

X _____ (SEAL)    X _____ (SEAL)
BORROWER                DATE    BORROWER 2              DATE

X _____ (SEAL)    X _____ (SEAL)
☐ OTHER BORROWER ☐ OWNER OF PROPERTY ☐ WITNESS   DATE    ☐ OTHER BORROWER ☐ OWNER OF PROPERTY ☐ WITNESS   DATE

© CUNA MUTUAL GROUP, 1999, 2000, ALL RIGHTS RESERVED                          NXLA20 (LASER) 27860

Credit Union Pelican State Credit Union
Borrower(s) KIMBERLY C SELF

Loan No. L# 041

Acct. No. 1286

## ITEMIZATION OF THE AMOUNT FINANCED

| Itemization of Amount Financed of $ 25,000.00 | Amount Given to You Directly $ 0.00 | Amount Paid on Your Account $ 0.00 | Prepaid Finance Charge $ 0.00 |
|---|---|---|---|

Amounts Paid to Others on Your Behalf: (If an amount is marked with an asterisk (*) we will be retaining a portion of the amount.)

| $ 25,000.00 | To WHALEN ENERGY HOMES | $ 0.00 | To |
| $ 0.00 | To | $ 0.00 | To |
| $ 0.00 | To | $ 0.00 | To |
| $ 0.00 | To | $ 0.00 | To |
| $ | To | $ | To |
| $ | To | $ | To |
| $ | To | $ | To |

## LOAN AGREEMENT

In this Loan Agreement ("Agreement") all references to "Credit Union," "we," "our," or "us," mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "you," or "your" mean each person who signs this Agreement as a borrower.

**1. PROMISE TO PAY -**
You promise to pay $ 25,000.00 to the Credit Union plus interest on the unpaid balance until what you owe has been repaid. For fixed rate loans the interest rate is 13.270 % per year.

**Collection Costs:**
You agree to pay all costs of collecting the amount you owe under this Agreement, including court costs and reasonable attorney fees.

**2. PAYMENTS -** You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. You may prepay any amount without penalty. If you prepay any part of what you owe, you are still required to make the regularly scheduled payments, unless we have agreed to a change in the payment schedule. Because this is a simple interest loan, if you do not make payments exactly as scheduled, your final payment may be more or less than the amount of the final payment that is disclosed. If you elect credit insurance, we will either include the premium in your payments or extend the term of your loan. If the term is extended, you will be required to make additional payments of the scheduled amount, until what you owe has been paid. You promise to make all payments to the place we choose. If this loan refinances another loan we have with you, the other loan will be canceled and refinanced as of the date of this loan.
**3. LOAN PROCEEDS BY MAIL -** If the loan proceeds are mailed to you, interest on this loan begins on the date the loan proceeds are mailed to you.
**4. SECURITY FOR LOAN -** This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans you have with us also secures this loan, unless the property is a dwelling. A dwelling secures this loan only if it is described in the "Security" section of the Truth in Lending Disclosure for this loan. *If Credit Union has a federal charter:* Statutory Lien - If you are in default on a financial obligation to us, federal law gives us the right to apply the balance of shares and dividends in all individual and joint accounts you have with us to satisfy that obligation. After you are in default, we may exercise this right without further notice to you. (We have a federal charter if our name includes the term "Federal Credit Union.") *If Credit Union has a state charter:* We have a statutory lien on the shares and dividends and, if any, the deposits and interest in all individual and joint accounts you have with us and may exercise our rights under the lien to the extent permitted by state law. (We have a state charter if our name does not include the term "Federal Credit Union.") *For all borrowers:* You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts you have with the credit union now and in the future. The statutory lien and/or your pledge will allow us to apply the funds in your account(s) to what you owe when you are in default. The statutory lien and your pledge do not apply to any individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security.
**5. DEFAULT -** You will be in default under this Agreement if you do not make a payment of the amount required on or before the date it is due. You will be in default if you break any promise you made in connection with this loan or if anyone is in default under any security agreement made in connection with this Agreement. You will be in default if you die, file for bankruptcy, become insolvent (that is, unable to pay your bills and loans as they become due), or if you made any false or misleading statements in your loan application. You will also be in default if something happens that we believe may seriously affect your ability to repay what you owe under this Agreement or if you are in default under any other loan agreement you have with us.
**6. ACTIONS AFTER DEFAULT -** When you are in default, we can require immediate payment of the entire unpaid balance under this Agreement. You waive any right you have to receive demand for payment, notice of intent to demand immediate payment and notice of demand for immediate payment. If we demand immediate payment, you will continue to pay interest at the rate provided for in this Agreement, until what you owe has been repaid. We will also apply against what you owe any shares and/or deposits given as security under this Agreement. We may also exercise any other rights given by law when you are in default.
**7. EACH PERSON RESPONSIBLE -** Each person who signs this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means we can enforce our rights against any one of you individually or against all of you together.
**8. LATE CHARGE -** If you are late in making a payment, you promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, you will not be charged one.

| | | |
|---|---|---|
| Credit Union Pelican State Credit Union | Loan No. | Acct. No. |
| Borrower(s) KIMBERLY C SELF  KCS | L# c 41 | ████1286 |

## LOAN AGREEMENT (Continued)

**9. DELAY IN ENFORCING RIGHTS** - We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives.

**10. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**11. NOTICES** - Notices will be sent to you at the most recent address you have given us in writing. Notice to any one of you will be notice to all.

**12. GOVERNING LAW** - You agree that this note and any security rights that you are granting to the credit union will be subject to Louisiana law, and more specifically that this Note will be governed under La.R.S. 6:664.

**13. GENERAL PROVISIONS** - You as well as all other persons signing this Agreement in any capacity waive demand for payment, protest and notice of protest and non-payment, and all pleas of division and discussion, and agree that your liability under this Agreement shall be "joint and several" and "solidary" with each other. You further agree that discharge or release of any party or collateral securing this Agreement, extension of time for payment, or any change in the terms of this Agreement or any security agreement securing this loan, or delay in enforcing any rights granted to the credit union, will not cause the credit union to lose any rights under this Agreement or under any security agreement securing this loan.

## SECURITY AGREEMENT

In this Agreement all references to "credit union," "we," "our" or "us" mean the credit union whose name appears on this document and anyone to whom the credit union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "you," or "your" mean any person who signs this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give us what is known as a security interest in the property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest you give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which you buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the Property or from insurance you have on the Property. If the value of the Property declines, you promise to give us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS** - The Property secures the Loan and any extensions, renewals or refinancings of the Loan. If the Property is not a dwelling, it also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or is used as your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that you own the Property or, if this Loan is to buy the Property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that you have not already told us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the Property either by your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If your state issues a title for the Property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest from the claims of others. If asked to do so, you promise to sign a financing statement. You promise to do whatever else we think is necessary to protect our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, you promise you will: (1) Use the Property carefully and keep it in good repair. (2) Obtain our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform us in writing before changing your address. (4) Allow us to inspect the Property. (5) Promptly notify us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose.

**6. INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property, to keep the Property insured against loss and damage, and, if the Property is a vehicle, to maintain liability insurance on the Property in an amount not less than the minimum amount required by law. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you get and pay for. You promise to make the insurance policy payable to us and to deliver the policy or proof of coverage to us if asked to do so.

If you cancel your property insurance and get a refund, we have a right to the refund. If the Property is lost or damaged, we can use the insurance settlement to repair the Property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your insurance policy.

If you do not pay the taxes or fees on the Property when due or maintain property insurance as required by this Agreement, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or property insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the property insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or term of the Loan.

If the Property is a motor vehicle and you fail to maintain liability insurance on the Property, your vehicle may be impounded. Any costs and/or penalties related to the impoundment of the Property that we pay may be deducted from the proceeds from the sale of the property.

**7. INSURANCE NOTICE** - If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the Property. The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.

**8. LOCATION OF PROPERTY** - Unless otherwise indicated, the Property will be kept at your address indicated on the first page of this document. You agree not to remove the Property from the State of Louisiana for more than 60 consecutive days without first obtaining the credit union's prior written consent.

**9. DEFAULT** - You will be in default if you break any promise you make or fail to perform any obligation you have under this Agreement. You will also be in default under this Agreement if the Loan is in default.

**10. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When you are in default, we may demand immediate payment of the outstanding balance of the Loan without giving you advance notice. If you are in default under the Loan or under this Agreement, the credit union will have the right to cause the Property to be immediately seized and sold under ordinary or executory process, with or without appraisal, in accordance with Louisiana law, whether during term of court or vacation, without the necessity of demanding payment from you or of notifying you and placing you in default. For purposes of foreclosure under Louisiana executory process procedures, you hereby confess judgment in the credit union's favor for all amount secured by this Agreement, in principal, interest, late charges, costs and attorney's fees, and for all other funds that the credit union may advance on your behalf under this Agreement, such as for the payment of insurance, or taxes, or the preservation of the Property. To the extent permitted under applicable Louisiana law, you additionally waive: (a) the benefit of appraisal as provided under Articles 2332, 2336, 2723, and 2724 of the Louisiana Code of Civil Procedure; and all other laws with regard to appraisal upon judicial sale; (b) the demand in three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (c) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (d) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (e) all other provisions under Articles 2331, 2722 and 2723 of the

© CUNA MUTUAL GROUP, 1998, 2000, ALL RIGHTS RESERVED

NYLA20 ВASER 27860

| Credit Union Pelican State Credit Union | Loan No. | Acct. No. |
|---|---|---|
| Borrower(s) KIMBERLY C SELF | L# o41 | 1286 |

## SECURITY AGREEMENT (Continued)

Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above. You further agree that the credit union may appoint a keeper of the Property in the event of foreclosure.

Should the Property for any reason be located in another state at the time of or following your default, or should there be a subsequent change in Louisiana law permitting self-help remedies, you agree that the credit union may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located or under Louisiana law as then in effect. Should the credit union for any reason have or acquire possession of the Property at or following default, you agree that the credit union may sell the Property at public auction or private sale, as authorized by Louisiana law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If the credit union is required by law to give you notice of the public or private sale of the Property, you agree that the requirements of reasonable notice shall be met if the credit union sends such a notice to you at your last address appearing in the credit union's records at least ten (10) days before the time of the sale or disposition. All expenses, relating to the sale or other disposition of the Property, including without limitation, the credit union's expenses of retaking, holding, insuring preparing for sale and selling the Property, will be secured under this Agreement and will be deducted from the money the credit union receives from the sale. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code. The rest of the sale money will be applied to what you owe under the Loan.

If you have agreed to pay the Loan, you will also have to pay any amount that remains unpaid after the sale money has been applied to the unpaid balance and to what you owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

**11. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** - We can delay enforcing any of our rights under this Agreement any number of times without losing the ability to exercise our rights later. We can enforce this Agreement against your heirs or legal representatives. If we change the terms of the Loan, you agree that this Agreement will remain in effect.

**12. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**13. MISCELLANEOUS** - You waive any and all exemptions from seizure with regard to the Property as may be granted under applicable law. You additionally agree that the loss, damage or destruction of the Property will not release you from your obligations under this Agreement.

**14. SPOUSAL INTERVENTION** - This paragraph is to be completed only when the Property is previously owned household goods and only when one spouse applies for individual credit. AND NOW INTO THESE PRESENCE INTERVENES:

_____ my spouse, appearing herein for the limited purpose of concurring with the granting of a security interest on the community-owned property described on the first page of Agreement in accordance with the terms and conditions of this Agreement, consistent with Article 2347 of the Louisiana Civil Code, without creating any liability with regard to my spouse's separate property, as well as (where applicable) to waive any homestead or other exemptions from seizure with regard to the secured property as may be granted under Louisiana law.

INTERVENOR (Spouse): _____

☐ *The following notice applies ONLY when the box at left is marked.*

**15. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**16. OTHER PROVISIONS -**

| Credit Union Pelican State Credit Union | Loan No. L# 041 |
|---|---|
| BORROWER 1 NAME AND ADDRESS<br>KIMBERLY C SELF<br>15670 PACE RD | BORROWER 2 NAME (AND ADDRESS IF DIFFERENT FROM BORROWER 1) |

Security: Collateral securing other loans with the credit union may also secure this loan. You are giving a security interest in your shares and dividends and, if any, your deposits and interest in the credit union; and the property described below:

| Collateral | Property/Model | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| CHANDELEUR | CHANDELEUR | 1998 | CH1AL19183 | TR | $31,767.70<br>$0.00<br>$0.00 | |

Other (Describe)
Pledge of Shares $         in Account No.                    $         in Account No.

## SECURITY AGREEMENT

In this Agreement all references to "credit union," "we," "our" or "us" mean the credit union whose name appears on this document and anyone to whom the credit union assigns or transfers this Agreement. All references to the "Loan" mean the loan with the loan number specified above. All references to "you," or "your" mean any person who signs this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give us what is known as a security interest in the property described in the "Security" section above ("the Property"). The security interest you give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which you buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the Property or from insurance you have on the Property. If the value of the Property declines, you promise to give us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS** - The Property secures the Loan and any extensions, renewals or refinancings of the Loan. If the Property is not a dwelling, it also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or is used as your principal residence, the Property will secure only this Loan and not other loans or amounts you owe us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that you own the Property or, if this Loan is to buy the Property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that you have not already told us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the Property either by your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If your state issues a title for the Property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest from the claims of others. If asked to do so, you promise to sign a financing statement. You promise to do whatever else we think is necessary to protect our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, you promise you will: (1) Use the Property carefully and keep it in good repair, (2) Obtain our written permission before making major changes to the Property or changing the address where the Property is kept, (3) Inform us in writing before changing your address, (4) Allow us to inspect the Property, (5) Promptly notify us if the Property is damaged, stolen or abused, (6) Not use the Property for any unlawful purpose.

**6. INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property, to keep the Property insured against loss and damage, and, if the Property is a vehicle, to maintain liability insurance on the Property in an amount not less than the minimum amount required by law. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you got and pay for. You promise to make the insurance policy payable to us and to deliver the policy or proof of coverage to us if asked to do so.
If you cancel your property insurance and get a refund, we have a right to the refund. If the Property is lost or damaged, we can use the insurance settlement to repair the Property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your insurance policy.
If you do not pay the taxes or fees on the Property when due or maintain property insurance as required by this Agreement, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or property insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the property insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or term of the Loan.
If the Property is a motor vehicle and you fail to maintain liability insurance on the Property, your vehicle may be impounded. Any costs and/or penalties related to the impoundment of the Property that we pay may be deducted from the proceeds from the sale of the property.

**7. INSURANCE NOTICE** - If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the Property. The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.

**8. LOCATION OF PROPERTY** - Unless otherwise indicated, the Property will be kept at your address indicated on the first page of this document. You agree not to remove the Property from the State of Louisiana for more than 60 consecutive days without first obtaining the credit union's prior written consent.

**9. DEFAULT** - You will be in default if you break any promise you make or fail to perform any obligation you have under this Agreement. You will also be in default under this Agreement if the Loan is in default.

**10. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When you are in default, we may demand immediate payment of the outstanding balance of the Loan without giving you advance notice. If you are in default under the Loan or under this Agreement, the credit union will have the right to cause the Property to be immediately seized and sold under ordinary or executory process, with or without appraisal, in accordance with Louisiana law, whether during term of court or vacation, without the necessity of demanding payment from you or of notifying you and placing you in default. For purposes of foreclosure under Louisiana executory process procedures, you hereby confess judgment in the credit union's favor for all amount secured by this Agreement, in principal, interest, late charges, costs and attorney's fees, and for all other funds that the credit union may advance on your behalf under this Agreement, such as for the payment of insurance, or taxes, or the preservation of the Property. To the extent permitted under applicable Louisiana law, you additionally waive: (a) the benefit of appraisal as provided under Articles 2332, 2336, 2723, and 2724 of the Louisiana Code of Civil Procedure; (b) the demand in three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (c) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (d) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (e) all other provisions under Articles 2331, 2722 and 2723 of the

## SIGNATURES

This agreement is continued on the next page. By signing below, you agree to the terms of this Security Agreement.

| X _____ (SEAL) | X _____ (SEAL) |
|---|---|
| OWNER OF PROPERTY         DATE | OWNER OF PROPERTY         DATE |
| X _____ (SEAL) | X _____ (SEAL) |
| OWNER OF PROPERTY ☐ WITNESS   DATE | ☐ OWNER OF PROPERTY  ☐ WITNESS   DATE |

© CUNA MUTUAL GROUP, 1998, 2000, ALL RIGHTS RESERVED

NXLA20 (LASER) 27050

# CERTIFICATE OF TITLE

## STATE OF LOUISIANA
### DEPARTMENT OF PUBLIC SAFETY – OFFICE OF MOTOR VEHICLES

| VIN | TITLE NUMBER | DATE ISSUED |
|---|---|---|
| CH1AL19183 | K3538836 | 05/25/2006 |

| MAKE | MODEL | BODY | COLOR | YR | DATE ACQUIRED | ODOMETER | N/U |
|---|---|---|---|---|---|---|---|
| CHAU | | HS | | 1998 | 03/16/2006 | | U |

**VOID** **VOID** **VOID**

**MAIL TO**
PELICAN STATE CREDIT UNION
11585 LAKE SHERWOOD AVE N
BATON ROUGE LA 70816

**OWNER**
KIMBERLY C SELF
15670 PACE RD
CLINTON LA 70722

**LIEN** — **DATE** 05/25/2006
PELICAN STATE CREDIT UNION
11585 LAKE SHERWOOD AVE N
BATON ROUGE LA 70816

First Lien Released ___ Date ___
Lienholder
Authorized Representative

Second Lien Released ___ Date ___
Lienholder
By
Authorized Representative

The undersigned as Vehicle Commissioner of the State of Louisiana, certifies that the applicant named hereon has been duly registered in this office as owner of the motor vehicle described, pursuant to the laws of the State of Louisiana, subject to the mortgages and encumbrances, if any, herein set forth.
In witness whereof, I have affixed my signature at Baton Rouge.

*Kay Hodges*

**EXHIBIT B**

FORM 5550
DPSMV 1663 (05/04)

27006020

**ANY ALTERATION OR ERASURE VOIDS THIS TITLE.**

**KEEP IN SAFE PLACE**